UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RUTHERLAN ENTERPRISES, INC.,**

    **Plaintiff,**

    v.

                                      Civil Action 2:11-cv-859
                                      Judge Gregory L. Frost
                                      Magistrate Judge Elizabeth P. Deavers

**SUBSTRUCT SYSTEMS, LLC,**

    **Defendant.**

**ORDER**

This matter is before the Court for consideration of Plaintiff's Motion for Sanctions and to Extend Time to Complete Discovery. (ECF No. 22.) Defendant filed its Response in Opposition to Plaintiff's Motion on February 12, 2013. (ECF No. 23.) Plaintiff filed its Reply on February 22, 2013. (ECF No. 25.) For the reasons that follow, Plaintiff's Motion is **DENIED**.

**I.**

According to the Complaint, Plaintiff Rutherlan Enterprises has owned and operated Island Ace Hardware ("ACE") on the Hawaiian Island of Kauai since 1987. (Compl. ¶ 9, ECF No. 1.) Defendant Substruct Systems specializes in the design and programming, as well as the distribution, sale, service and support of point-of-sale ("POS") computer systems used in the operation of retail businesses including hardware stores. In December 2008, Plaintiff and Defendants, through their representatives, entered into a contract. Under the terms of the contract, Defendant was to provide Plaintiff with new computers, peripheral devices, and

software (hereinafter referred to as the "System"). *Id.* at ¶ 13. Plaintiff contends that, in choosing to enter into the contract, ACE's representative relied on representations that Defendant's representative made with respect to the System's capabilities and the installation procedure, as well as the representation that Defendant's expert personnel would correct any defects that might arise in the installation, initialization or implementation of the System. *Id.* at ¶ 14. According to Plaintiff, upon installation of the System ACE, employees and management discovered that it suffered from numerous defects and purported performance deficiencies. *Id.* at ¶¶ 17, 18. Ultimately, Plaintiff contends that the System's defects required ACE to uninstall the System and reinstall its previous POS system. Plaintiff asserts numerous claims, including claims for breach of contract, unjust enrichment, and fraudulent misrepresentation.

## II.

A district court is required to enter a scheduling order, which limits the time "to join other partiess, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.,* 281 F.3d 613, 625 (6th Cir. 2002); *accord Lear v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (internal quotation marks and citation omitted)).

Federal Rule of Civil Procedure 37(b)(2) sets forth a laundry list of sanctions, including dismissal, that a court could impose when a party fails to comply with its discovery orders. Fed.

R. Civ. P. 37(b)(2). Rule 37(b)(2) adds that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Several factors are relevant to a district court's decision to impose Rule 37 sanctions including "whether the party's failure to cooperate in discovery is due to wilfulness, bad faith, or fault." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). Further, Rule 16(f) allows for sanctions, including any sanction authorized by Rule 37, if a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). As under Rule 37, Courts have wide latitude in imposing sanctions under Rule 16(f). *See Estes v. King's Daughters Med. Ctr.*, 59 F. App'x 749, 753 (6th Cir. 2003) ("The district court has discretion to impose whatever sanction it feels is appropriate, under the circumstances.").

### III.

**A.     Motion for Extension of Time**

Plaintiff seeks a five-month extension of the January 31, 2013 discovery cutoff date.[1] Plaintiff contends that a series of events outside of its control prevented it from completing discovery by the cutoff date, which warrants an extension of the discovery cutoff date. Defendant provides a different version of events, however, and asserts that Plaintiff's failure to complete discovery is product of its lack of diligence. (Op. 2-8, ECF No. 23.) The Court finds it unnecessary to adopt one party's statement of events over the other, because even under Plaintiff's version it has failed to establish good cause to extend the discovery cutoff date.

---

[1] In fact, Plaintiff indicates that "it may take an additional six months (or more)" to complete the discovery. (Mot. Ex. 1 (Bahgat Aff., ¶ 32), ECF No. 22.)

### 1. Plaintiff's Version of Events

The Court entered its scheduling Order on May 31, 2012, in which it set January 31, 2013 as the date by which all discovery was to be completed. (ECF No. 13.) Plaintiff's version of events is set forth in its counsel's affidavit attached to its Motion for Extension. (Mot. Ex. 1, ECF No. 22.) Plaintiff contends that it contacted Defendant on August 13, 2012 to attempt to schedule the depositions of two ACE employees and various representatives of Defendant. *Id.* at 2. Over the course of the following month, the parties worked to coordinate their respective schedules to schedule the depositions, to no avail. *Id.* at 3. In late September the parties agreed that they would each select random dates and notice the depositions of the other's employees with the understanding that the depositions would be rescheduled at a later date. *Id.* at 3. Defendant noticed the depositions of Plaintiff's employees, which ultimately went forward on November 13 and 14. Plaintiff, however, was allegedly unable to serve notices for the depositions of Defendant's employees until December 7, 2012 due to Hurricane Sandy, which struck Plaintiff's counsel's hometown in New Jersey in late October. *Id.*

Upon receiving Plaintiff's notices of deposition in early December, Defendant informed Plaintiff that none of the three depositions could proceed as scheduled for various reasons. Plaintiff resumed attempts to schedule one of Defendant's representatives for deposition in January 2013. Plaintiff set the deposition of Defendant's representative to take place on January 14, 2013. *Id.* at 5. Plaintiff did not notice the deposition or schedule the attendance of a court reporter. Plaintiff later became unavailable on January 14, 2013. Plaintiff has not rescheduled that employee's deposition, nor has it scheduled the four additional depositions that Plaintiff still seeks to take in this case.

In addition to its purported inability to coordinate the depositions as set forth above,

Plaintiff contends that additional actions of Defendant justify extending the discovery cutoff date. Defendant has allegedly indicated from the outset of this case that it did not plan to dispute liability for breach of contract. During the November 2012 depositions of Plaintiff's representatives, however, Plaintiff contends it became clear that Defendant would indeed dispute liability. Plaintiff posits that it will now be required to retain an expert witness to address Defendant's theory of the case.

Plaintiff also contends that Defendant only recently revealed that it plans to file for bankruptcy, which will require additional time to discover financial information related to Defendant and one of its individual representatives. Finally, Plaintiff maintains that in the spirit of cooperation he offered to take one of Defendant's representative's depositions in New Jersey. Defendant, however, refused unless Plaintiff agreed to reimburse its travel expenses. Plaintiff seeks modification of the Court's Scheduling Order to extend the January 31, 2013 discovery cutoff date to June 28, 2013. (Mot. 1, ECF No. 22.)

    **2.**    **Analysis**

Even if the Court accepts the version of events set forth above, Plaintiff has failed to establish good cause to extend the discovery cutoff date. Again, the "primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge,* 281 F.3d at 625. Plaintiff has been anything but diligent in its pursuit of meeting the Court's scheduling deadlines. First, despite the Court entering its Scheduling Order in May 2012, Plaintiff apparently made no attempt to schedule depositions until three months later in August. (Pl.'s Mot. Ex. 1 at 2, ECF No. 22-1.) Within a month the parties agreed to select random dates and notice the depositions. Plaintiff, however, failed to do so until over two months later in December 2012. *Id.* at 3. Plaintiff maintains that

Hurricane Sandy caused the two-month delay. But Hurricane Sandy hit New Jersey in late October, which was one month after the parties agreed to notice the depositions and some five weeks before Plaintiff served its notices. Plaintiff then apparently waited nearly another month before attempting to reset one of the several depositions it had noticed for December. Although the parties agreed on a date for that deposition, Plaintiff never noticed the deposition or scheduled a court reporter, and then purported to become unavailable on the date in question.

Plaintiff's additional arguments are likewise unavailing. The Court has no sympathy for Plaintiff's excuse that it allegedly learned for the first time in November that Defendant planned to dispute liability. Perhaps if it had been more diligent in completing, or even beginning, the discovery process before late 2012, it would have unearthed Defendant's theory of the case at and earlier time. Defendant's indication that it plans to file for bankruptcy likewise fails to establish good cause to extend the discovery cutoff date.

Plaintiff's actions in this case fall far short of establishing good cause. The Court cannot find that Plaintiff acted diligently, in any sense of the word. Plaintiff's Motion for Extension of Time is, therefore, **DENIED**.

**B.    Motion for Sanctions**

For the reasons set forth above, the Court concludes that sanctions against Defendant are wholly unwarranted. If anything, it was Plaintiff, not Defendant, who failed to comply with the Court's scheduling Order. The Court finds no bad faith or failure to cooperate on the part of Defendant. *Freeland*, 103 F.3d at 1277. Plaintiff's Motion for Sanctions is **DENIED**.

**IT IS SO ORDERED.**

Date: February 28, 2013                                    /s/ *Elizabeth A. Preston Deavers*
                                                                              Elizabeth A. Preston Deavers
                                                                              United States Magistrate Judge